IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| DALE J. WESTFALL | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| | ) | Court No.: 1:13-cv-04023 |
| v. | ) | |
| | ) | |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY | ) | |
| | ) | |
| | ) | |
|    Defendant(s) | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, DALE J. WESTFALL, by and through his attorneys, HOEY AND FARINA, P.C. and GEORGE T. BRUGESS, and for his Complaint against the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, states as follows:

## COUNT I

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code sec. 56.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. sec. 51 *et seq.* and similar state statute.

3. At all times herein, the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, was and is a railroad corporation doing business in the State of Indiana

4. At all times herein, the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, was a common carrier by railroad engaged in interstate commerce.

5. At all pertinent times, the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, owned, maintained and operated the Elkhart Yard in Elkhart, Indiana.

6. On and prior to June 1, 2010, the Plaintiff was employed by the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY for over 40 years the last 10 years as a Hump Conductor in Defendant's Elkhart Yard, and over the course of his employment severe and disabling injuries to his body manifested.

7. On August 23, 2010, Plaintiff saw an orthopedic surgeon with left knee pain and on November 2, 2010 had arthroscopy of his left knee for meniscal repair.

8. Plaintiff states that the aforesaid injuries to Plaintiff, DALE J. WESTFALL, was a result of the negligence of Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in failing to provide Plaintiff with a safe place to work, failing to provide proper equipment to do his assigned tasks and failing to provide sufficient manpower.

9. At the time and place alleged, the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, had a nondelegable duty to provide the Plaintiff with a reasonably safe place to work.

10. In violation of its duties, the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, committed one or more of the following negligent acts or omissions:

   a) failed to provide the Plaintiff with a safe place to work;

   b) failed to warn the Plaintiff of the unsafe condition of the low ballast;

   c) violated 49 CFR Part 213 in that the yard walkway was not constructed and maintained in accordance with the aforesaid regulation;

   d) failed to inspect the height of the ballast on a regular basis for unsafe conditions;

   e) violated certain safety standards including OSHA regulations, FRA regulations and industry safety standards;

f) failed to enforce safety rules and thereby allowed unsafe practices to become the norm;

g) ordered Plaintiff to perform his job duties in an unsafe manner; and

h) was otherwise careless and negligent.

9. Plaintiff states that the injury to Plaintiff, DALE J. WESTFALL, resulted from the negligence and/or wrongful act of NORFOLK SOUTHERN RAILWAY COMPANY and the said Defendant is responsible to Plaintiff for damages herein in an amount to be determined.

10. As a consequence, Plaintiff, DALE J. WESTFALL, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish, and disability; as a further result, Plaintiff, DALE J. WESTFALL, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, DALE J. WESTFALL, has incurred medical, hospital, and related expenses and is reasonably certain to incur further medical, hospital, and related expenses in the future. .

WHEREFORE, the Plaintiff, DALE J. WESTFALL, demands judgment in his favor and against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in a sum in excess of $50,000.00 plus the costs of this suit.

## COUNT II

1. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. sec. 51 *et seq*.

2. At all times herein, the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, was and is a railroad corporation doing business in the State of Illinois.

3. At all times herein, the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, was a common carrier by railroad engaged in interstate commerce.

4. On and prior to June 1, 2010, and at all pertinent times, the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, owned, maintained and operated a railroad yard, know as the 14th Street Yard.

5. On and prior to June 1, 2010, the Plaintiff was employed by the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY as a Hump Conductor in Defendant's Elkhart Yard for over 40 years the last 10 years as a Hump Conductor in Defendant's Elkhart Yard, and over the course of his employment severe and disabling injuries to his body manifested.

6. Plaintiff was injured while working for Defendant.

7. On, December 23, 2010, Plaintiff was diagnosed with osteoarthritis.

8. Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, knew or should have known that the risk factors that repetitive wrist and hand motion, wrist and hand joint deviation, forceful use of the wrist and hand and vibration.

9. That, notwithstanding said knowledge, on a daily basis Defendant ordered Plaintiff to perform work that required Plaintiff to repetitively use his hands and wrists, to deviate his hand and wrist joints, to use his hand and wrist joints under force and to use vibratory equipment.

10. As a result of performing said activities as ordered by his supervisors, Plaintiff was seriously injured.

11. At all times Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, had a non-delegable duty to provide Plaintiff with a reasonably safe place to work.

12. In violation of its duty, the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

4

a) failed to keep track of cumulative trauma injuries;

b) failed to supply its employees with safe and suitable tools;

c) failed to provide sufficient manpower to perform assigned tasks, thereby decreasing the risk of repetitive and vibratory trauma;

d) assigned Plaintiff to perform tasks it knew or should have known presented an unreasonable risk of harm to Plaintiff;

e) failed to warn its employees of the dangers of certain repetitive and vibratory tasks;

f) failed to promulgate rules governing repetitive and vibratory tasks to limit times performing said tasks; and

g) was otherwise careless and negligent in failing to provide Plaintiff with a safe place to work.

13. Defendant's failure to provide Plaintiff, DALE WESTFALL, with a safe place to work by one or more of the aforementioned negligent acts or omissions caused, in whole or in part, Plaintiff's injuries.

14. As a consequence, Plaintiff, DALE WESTFALL, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff, DALE WESTFALL has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, DALE WESTFALL, has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

WHEREFORE, the Plaintiff, DALE WESTFALL, demands judgment in his favor and against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in a sum in excess of $50,000.00 plus the costs of this suit.

                                Respectfully submitted,
                                HOEY AND FARINA, P.C.

                                By:  /s/:  George T. Bruges
                                       George T. Brugess

George T. Brugess
HOEY AND FARINA, P.C.
Attorneys for Plaintiff
542 S. Dearborn, Suite 200
Chicago, IL 60605
Tele: 312-939-1212
Fax:  312-939-7842