UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DALE J. WESTFALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:13cv926 |
| | ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on cross-motions for summary judgment. On June 16, 2014, the plaintiff, Dale J. Westfall ("Westfall"), filed a motion for summary judgment on defendant's affirmative defense of limitations. The defendant, Norfolk Southern Railway Company ("Norfolk Southern"), filed a cross-motion for summary judgment on the same issue on July 14, 2014. Briefing was completed on the motions on August 21, 2014,

Also before the court is a motion to strike portions of Westfall's deposition testimony, filed by Norfolk Southern on July 14, 2014. Westfall responded to the motion on August 14, 2014, to which Norfolk Southern replied on August 21, 2014.

For the following reasons, Westfall's motion for summary judgment will be denied and Norfolk Southern's motion for summary judgment and motion to strike will both be granted.

Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Not every dispute between the parties precludes summary judgment, however, since "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" warrant a trial. Id. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Discussion

Westfall has alleged, *inter alia*, that Norfolk Southern failed to provide him with a safe place to work, failed to provide proper equipment to do his assigned tasked, and failed to provide sufficient manpower. Westfall alleges that he was injured as a result of Norfolk Southern's various acts and omissions. Specifically, Westfall asserts that he developed osteoarthritis in his right knee as a direct result of walking on low ballast. Westfall has brought his case pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. Section 51 *et seq*.

Norfolk Southern claims, as an affirmative defense, that Westfall's claims are barred by the applicable statute of limitations. The statute of limitations for a FELA action is three years. FELA recognizes a claim for injuries that are not acute, but occupational in nature, or develop over time. The rule for occupational injuries is that the statute begins to run when the injured employee knows both that he has an injury and that the injury was caused by his railroad work. "In a FELA case, a cause of action accrues for statute of limitations purposes when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury

2

and its governing cause. *Tolston v. National R. R. Passenger Corp.,* 102 F. 3d 863, 865 (7th Cir. 1996); *Fries v Chicago & NorthWestern Transportation Co.,* 909 F.2d 1092, 1096 (7th Cir. 1990)." *Green v. CSX Transp. Inc.,* 414 F.3d 753, 763 (7th Cir. 2005). In the present case, Westfall filed his FELA complaint with the court on May 30, 2013. Therefore, to be timely, Westfall must not have known of both his injury and its cause prior to May 30, 2010.

Westfall asserts that the medical records introduced at his deposition demonstrate that he first knew he had an injury and that it was work related in August of 2010, well within the limitations period. Westfall acknowledges that he had left knee pain prior to that time, but points out that he was not diagnosed with a knee injury at his doctor visits in August of 2009 and July of 2010. Westfall concludes that Norfolk Southern cannot meet its burden of proving that Westfall knew or should have known of his knee injury and that the knee injury was related to his work.

Norfolk Southern, in support of its own motion for summary judgment and in response to Westfall's motion for summary judgment asserts:

(1) That more than 3 years prior to filing suit, Westfall had pain in his knee that he related to his work at the railroad (walking on ballast). (Westfall Dep., p. 45, lines 10-24; p. 46, lines 13-18; p. 47, lines 19-24; p. 49, line 22-p. 50, l 7; p. 52., line 17-p. 53, line 1).

(2) That more than 3 years prior to filing suit, Westfall believed that he "wore out" his left knee and he attributed his worn out knee to his work at the railroad. (Westfall Dep., p. 45, lines 10-24; p. 46, lines 13-18; p. 47, lines 19-24; p. 49, line 22-p. 50, l 7; p. 52., line 17-p. 53, line 1).

(3) That more than 3 years prior to filing suit, Westfall believed he had sustained an

injury to his left knee which he attributed to his work at the railroad. (Westfall Dep., p. 45, lines 10-24; p. 46, lines 13-18; p. 47, lines 19-24; p. 49, line 22-p. 50, l 7; p. 52., line 17-p. 53, line 1).

Based on this deposition testimony, in which Westfall clearly was attributing knee pain to his work on the railroad, and stated that it was his belief in 2009 that he "probably wore the knee out" from his 42 years of working on the railroad, Norfolk Southern concludes that the statute of limitations was triggered in 2009.

In his response, Westfall attempts to argue that any injury he felt he had prior to August of 2010 was *de minimus*, and did not trigger the statute of limitations. *Lancaster v. Norfolk & Western Ry. Co.*, 773 F.3d 807, 821 (7th Cir. 1985). Again, Westfall relies on his own deposition testimony wherein he states that he went to the doctor for right leg cellulitis in 2009 and July 2010, but did not mention that he had any left leg pain. (Westfall Dep. at 78-79, 81-82.)

Norfolk Southern has moved to strike the above cited portions of Westfall's deposition testimony. Norfolk Southern argues that during Westfall's May 23, 2014 deposition, Westfall's counsel engaged in the tactic of asking his own client improper leading questions, thereby getting his client to respond in the way he wanted, and then coming back with a proper direct examination question to which he then gets the answer he had first obtained through improper leading questions. Questioning one's own client in a discovery deposition is "cross-examination" in form only. For instance, Fed. R. Evid. 610 (c) provides that "[o]rdinarily, the court should allow leading questions on cross-examination…." However, the Advisory Committee Notes make it clear that the use of the term "ordinarily" is "to furnish a basis for denying the use of leading questions when the cross-examination is cross-examination in form only and not in fact, as for example the 'cross-examination' of a party by his own counsel after being called by the

opponent (savoring more of re-direct)…." Norfolk Southern argues that the questions and answers from Westfall's deposition which form the basis of paragraphs 14 and 18 of Westfall's Statement of Material Facts (Westfall Dep., p. 78, line 20 - p. 79, line 11; p. 81, line 6 - p. 82, line 3) are the product of such tactics and should be stricken.

Westfall agrees that, for trial purposes, it is improper to ask leading questions of one's own client. Westfall argues, however, that since the deposition is being used for summary judgment purposes, and not for trial, that it would be pointless to strike the deposition testimony because Westfall could simply come back with the identical language presented in an affidavit.

Clearly, though, as Norfolk Southern points out, Westfall would not be permitted to submit an affidavit contradicting his deposition testimony that in 2009 he believed he had sustained an injury to his knee which he attributed to his work on the railroad. The law of the Seventh Circuit "does not permit a party to create an issue of fact by submitting an affidavit whose conclusions contradict prior deposition or other sworn testimony." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1055 (7th Cir. 2000)(quoting *Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 292 (7th Cir. 1996)).

Clearly, the disputed deposition testimony was the result of improper leading questions, and contradicts Westfall's direct testimony. Therefore, the court will grant Norfolk Southern's motion and strike the deposition testimony.

As the undisputed evidence shows that Westfall knew of his injury in 2009 and also attributed that injury to his work on the railroad, the court will grant Norfolk Southern's cross-motion for summary judgment and deny Westfall's motion for summary judgment.

## Conclusion

On the basis of the foregoing, Westfall's motion for summary judgment [DE 28] is hereby DENIED. Further, Norfolk Southern's cross-motion for summary judgment [DE 32] and motion to strike [DE 34] are both hereby GRANTED.

Entered: October 6, 2014.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court